

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# USA v. Evans

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4511

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"USA v. Evans" (2007). 2007 Decisions. Paper 1606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4511
_____

UNITED STATES OF AMERICA

v.

DARRYL EVANS,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-166-2)
District Judge: Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
on December 4, 2006

Before: RENDELL and AMBRO , <u>Circuit Judges</u>,
and BAYLSON*, <u>District Judge</u>.

(Filed February 16, 2007 )
_____

OPINION OF THE COURT
_____

_____

    *  Honorable Michael M. Baylson, Judge of the United States District Court for the
    Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Darryl Evans challenges the sentence imposed for his role in a scheme to defraud the City of Philadelphia that involved ordering items not authorized under various supply contracts. A vendor would supply items requested by members of the City's Mounted Police (though the items were not authorized under the contracts), then bill the City for items which were never delivered, adding a 20% markup for itself. Evans was charged with mail and wire fraud in a 12-count indictment; he was convicted of four of the counts (one of which was a wire fraud count). The District Court calculated Evans's sentencing range under the Guidelines to be 10-16 months and sentenced Evans to six months' imprisonment with a three-year term of supervised release including six-months' home confinement. The District Court also imposed restitution of $8,879.99 (the value of the items the City received), as well as a $300.00 fine and a $400.00 special assessment.

After our Court affirmed the conviction and remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), the District Court imposed the identical sentence. The District Court refused to hear additional testimony from Evans regarding his lack of criminal intent, and applied a two-point enhancement for obstruction of justice plus an additional two-point enhancement because Evans held a position of trust. The District Court also ordered restitution based upon the value of all items that were purchased through the scheme, as set forth in the four counts of conviction. Evans challenges each of these aspects of his re-sentencing. We will affirm the sentence, the

2

fine, and the special assessment, as the challenges to them are without merit.[1] We will

remand to the District Court for clarification as to the restitution amount.

**DISCUSSION**

Evans was the Commanding Officer of the Mounted Unit of the Philadelphia

Police Department. The City of Philadelphia contracted with an outside vendor to supply

tools and stable supplies to the Mounted Unit, and the contracts authorized purchase of

specific items at specific prices. The testimony at trial established that several Mounted

Unit employees had ordered and received items not permitted under the contracts,

knowing that the vendor fraudulently billed the City for these purchases by means of a

dual invoicing system. Under this scheme, the vendor would provide unauthorized

materials to persons working the Mounted Unit. The vendor would then submit invoices

to the City's Finance Department for payment, with these invoices listing items that were

authorized under the contracts (but which had never actually been delivered). Evans had

the authority to approve or decline requests made to the vendor. After the scheme was

presented to him by another employee, Evans began to order unapproved items, such as a

computer system, for his office. Another employee, Casimir Lutz, testified that, at the

---

[1]The District Court had jurisdiction over the case pursuant to 28 U.S.C. § 3742. We
have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the fact-
finding that supports Guideline enhancements for clear error. *See United States v. Grier*,
No. 05-1698, 2007 U.S. App. LEXIS 2483 at *8 (3d Cir. Feb 5, 2007) (en banc).

3

direction of Evans, he ordered a number of unauthorized items, including a computer system, printers, a fax machine, and law enforcement flashing lights.

Evans testified at trial in his defense and acknowledged ordering certain items and not following proper procedure, but he denied knowledge of falsified invoices and any criminal intent on his part. He claimed that he expected that at most he would be reprimanded for obtaining work equipment unauthorized under the contracts. App. 437, 448. However, during the investigation by the Police Department's Anti-Corruption Division, Evans lied about the origin of certain items and about his purchases. Moreover, there was some evidence that he encouraged others to lie when questioned and urged employees who received such items to get rid of them.

On remand for re-sentencing, the District Court exercised its discretion at the re-sentencing not to take additional evidence. *See* Fed. R. Crim. P. 32(i)(2) ("The court may permit the parties to introduce evidence on the objections [to an anticipated sentence]."); *United States v. Sienkowski*, 359 F.3d 463 (7th Cir. 2004). Evans contends on appeal that he should have been permitted to give additional testimony as to his state of mind because under the obstruction of justice enhancement the accused must have willfully impeded an investigation. At the original sentencing, there was extensive argument and evidence presented regarding Evans' objections to the Presentence Report. At the re-sentencing, Evans made the same objections that he had originally made, and as the remand was for *Booker* purposes only, the District Court found that the existing record was more than

4

sufficient. We conclude that the District Court had discretion to refuse to take additional evidence on these objections in light of the previous proceedings. We find no abuse of discretion by the District Court in not allowing additional testimony.

We also conclude that the enhancement itself for obstruction of justice was not clearly erroneous. U.S.S.G § 3C1.1 recommends a two-level enhancement if "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." In applying this enhancement for obstruction of justice, the District Court found that Evans's act of providing two misleading documents to an investigator (after an inventory of items in the Mounted Unit was undertaken) supported the enhancement, as did false statements made to the investigating officers that impeded the investigation. The two documents at issue were a receipt for a personal purchase of boots to be delivered to the Mounted Unit, and a memorandum from Evans to the Commanding Officer of the Tow Squad requesting flashing lights for Evans' vehicle. The District Court concluded–we believe permissibly–that Evans provided these documents in an attempt to mislead Lt. Dennis Wilson, who was heading the investigation, and convince him that Evans had no involvement in the scheme. App. 549, 588-89. Moreover, the record reflects that statements made to others involved in the scheme as well as

5

statements made to Wilson support the two-level enhancement for obstruction. Thus, we will not disturb the obstruction finding.

Furthermore, we find no error in the District Court's application of the enhancement for "abuse of position of trust" under U.S.S.G. § 3B1.3. That Guideline advises that "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." U.S.S.G. § 3B1.3. An adjustment for abuse of trust is not warranted if abuse of trust is included in the base offense level or specific offense characteristic. *Id.* Additionally, the application note to § 3B1.3 states that "[t]his adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors." § 3B1.3 n.1.

We have written that "in considering whether a position constitutes a position of trust for purposes of § 3B1.3, a court must consider: (1) whether the position allows the defendant to commit a difficult-to-detect wrong; (2) the degree of authority which the position vests in defendant vis-a-vis the object of the wrongful act; and (3) whether there has been reliance on the integrity of the person occupying the position." *United States v.*

6

*Pardo*, 25 F.3d 1187, 1192 (3d Cir. 1994). Those factors are to be considered in consideration of the overall rationale of for the adjustment: "to punish 'insiders' who abuse their positions rather than those who take advantage of an available opportunity." *Id*. The fraud case against Evans was founded on his participation in a scheme to manipulate the City's invoice system to obtain unauthorized materials. As head of the Mounted Unit, Evans was in a position where his signature on an invoice led to the commission of a crime that was difficult to detect, as the signature allowed a second set of records to be kept. He used his position of authority within the city government to allow the scheme to continue, and accordingly we find that the adjustment for abuse of trust was not clearly erroneous.[2]

Evans argues that because he was acquitted of eight of the twelve counts of the indictment and because this demonstrates the jury's rejection of testimony of two employees that, therefore, all items contained in the counts of conviction that were not specifically attributable to Evans should be excepted out when considering the loss for purposes of restitution. However, included in the counts of which Evans was convicted were numerous items included on a particular check sent by the City to the vendor. Evans

---

[2]Evans argues that at the initial sentencing the District Court revealed its erroneous misunderstanding of this Guideline by stating that all police officers are in positions of trust for the purposes of § 3B1.3. Of course that is not the case, as the application note reflects. Aside from the fact that there is no indication this misstatement infected the second sentencing, the record reflects that Evans received the enhancement for abusing his managerial position, not because he held the position of police officer.

7

specifically admitted to ordering several of the items, and it could be inferred that Evans knew of and approved the entire scheme and was aware of the distribution of all the items in the orders he authorized with his signature. Pursuant to U.S.S.G. § 2B1.1, those losses may be counted against Evans as "reasonably foreseeable pecuniary harm," which is defined as "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." U.S.S.G. § 2B1.1 app. note 3(A)(iv). We conclude that the District Court's determination that the loss amount was the full amount of the items purchased in each count of which he was convicted was not clearly erroneous.

Finally, Evans seeks a deduction from the restitution amount for items that remained in the City's possession. We note that the District Court suggested that if these items were sold by the City, restitution could be reduced by the payment received and that it would direct the probation officer to look into the matter. As the parties agree that the only question is whether such items were in fact sold, and as record does not reflect that the probation officer carried out the Court's directive, we will remand this portion of the case to give the District Court the opportunity to clarify the record and designate the specific restitution amount.

**CONCLUSION**

Accordingly, we will AFFIRM the term of sentence, the fine, and the special assessment imposed by the District Court. The matter of the proper restitution amount

8

will be remanded to the District Court for clarification and a final order with respect thereto.